IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JEREMY T. BERGSTROM, BAR NO. 6904

No. 79205

FILED

NOV 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Jeremy T. Bergstrom. Under the agreement, Bergstrom admitted to two violations of RPC 1.1 (competence), four violations of RPC 1.3 (diligence), four violations of RPC 1.4 (communication), four violations of RPC 3.2 (expediting litigation), one violation of RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers), and one violation of RPC 8.4 (misconduct). He also agreed to a six-month-and-one-day suspension with 60 days of the suspension stayed for a period of one year subject to certain conditions.

Bergstrom has admitted to the facts and violations as part of his plea agreement. The record therefore establishes that Bergstrom violated the above-listed rules by failing to perform legal services for which he was retained in four different actions, resulting in judgments against his clients, and by failing to communicate with those clients. He also failed to properly supervise an associate attorney in the handling of one of those

19-46799

cases and promised the clients payment for the judgments, but then failed to provide payment.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Bergstrom has admitted to negligently violating duties owed to his clients (competence, diligence, and communication) and to the legal profession (responsibilities of partners, managers, and supervisory lawyers; and misconduct). Bergstrom's clients were injured as judgments were entered against them. Thus, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."). The record supports the panel's findings of five aggravating circumstances (prior disciplinary offense, pattern of misconduct, multiple offenses, substantial experience in the practice of law, and indifference to making restitution) and two mitigating circumstances (absence of dishonest or selfish motive and full and free disclosure to disciplinary authority or cooperative attitude toward

proceedings). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Jeremy T. Bergstrom for six months and one day commencing from the date of this order. The last 60 days of that suspension shall be stayed for one year subject to the following conditions: (1) Bergstrom shall pay $34,422.88 in restitution to List and Associates during his actual suspension; (2) he shall obtain a mentor with a minimum of five years of experience in law office management to review his office procedures during his actual suspension to ensure he has implemented appropriate safeguards to avoid recurrence of his misconduct, provide a report stating he has done so before the expiration of his actual suspension, and have the mentor review his caseload and filings monthly, as described in the guilty plea agreement during the probationary period; (3) he shall remain free from any RPC violations during the probationary period and any alleged violation shall be handled as described in the guilty plea agreement; (4) within 30 days of the expiration of his actual suspension, he shall formally request a reinstatement hearing in the form of a petition that substantially complies with the requirements of SCR 116, and the hearing panel who recommended approval of his guilty plea, or an ad hoc panel if the hearing panel is unavailable, will consider the petition to determine if he has shown by clear and convincing evidence satisfaction of the conditions he was required to complete during his actual suspension and whether the 60-day stayed suspension should be imposed; and (5) he shall pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days

from the date of this order, if he has not done so already. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:  Chair, Southern Nevada Disciplinary Board
     Jeremy T. Bergstrom
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.